UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYLER FRICK,                    )<br>                                 )<br>     Plaintiff,                 )<br>                                 )<br>     v.                         )<br>                                 )<br>COUNCIL OF THE INSPECTORS        )<br>GENERAL ON INTEGRITY             )<br>AND EFFICIENCY, et al.,          )<br>                                 )<br>                                 )<br>     Defendants.                )   | Civil Action No. 1:24-cv-03222 (UNA) |

### **Memorandum Opinion**

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* and initial screening of his pro se complaint. *See* ECF Nos. 1, 2. The court grants the *in forma pauperis* application. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff sues the Council of the Inspectors General on Integrity and Efficiency ("CIGIE") and several of its employees for damages. *See* ECF No. 1 at 4–7. He alleges that Defendants discriminated against him under the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") in their response to an administrative complaint he filed with CIGIE. *See id.* at 5–6. Plaintiff contends that this unfairly denied him access to CIGIE services and that Defendants' manner of communication was "callous, cold, and unfeeling," causing him "severe mental anguish and injury." *See id.* at 6–7.

Plaintiff's ADA claim must be dismissed because "the ADA does not apply to employees of the federal government." *Ahmed v. Napoliano*, 825 F. Supp. 2d 112, 115 (D.D.C. 2011) (quoting

*Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. July 12, 2011) (citing 42 U.S.C. § 12111(5)(B)(i) (specifically excluding "the United States" from the definition of "employer")).

Although the Rehabilitation Act applies to the federal government, *see Woodruff v. Peters*, 482 F.3d 521, 526 (D.C. Cir. 2007) (citing 29 U.S.C. § 791(g); 42 U.S.C. § 12112(a)), Plaintiff's complaint contains only "bare assertions" which are insufficient to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009). Even accepting all "well-pleaded factual allegations" set forth in the complaint as true and granting all reasonable inferences in the plaintiff's favor, no facts alleged in the plaintiff's complaint support anything "more than a sheer possibility that [the] defendant has acted unlawfully." Iqbal, 556 U.S. at 678-79. Plaintiff states that he told defendants that he was disabled and that he was treated disrespectfully, but he has not alleged specific facts to infer that he has been discriminated against. *See Easaw v. Newport*, 253 F. Supp. 3d 22, 30 (D.D.C. 2017) ("Stating simply 'I was turned down . . . because of my [protected class]' is precisely the kind of conclusory allegation that is patently incompatible with *Twombly* and *Iqbal's* pleading requirements."); *Pollard v. Quest Diagnostics*, 610 F. Supp. 2d 1, 29 (D.D.C. 2009) (finding that "there can be no reasonable inference of [ ] discrimination where an individual just happens to be a member of a protected class."). Nor does the complaint identify the nature of his disability or otherwise establish that he is disabled within the meaning of the Rehabilitation Act. *See Am. Council of the Blind v. Paulson,* 525 F.3d 1256, 1266 (D.C. Cir. 2008).[1]

---

[1] Plaintiff's complaint raise only claims of discrimination under the ADA and Rehabilitation Act. To the extent Plaintiff also wishes to challenge CIGIE's determination to pass on his administrative complaint, he may lack standing to do so. *See Jefferson v. Harris*, 170 F. Supp. 3d 194, 220 (D.D.C. 2016) (concluding that plaintiff lacked standing to challenge CIGIE's decision not to investigate a particular matter).

Plaintiff has filed a motion for leave to amend the complaint that does not comply with D.C. Local Civil Rules 7(i) or 15.1. *See* ECF No. 9. However, even considering the proposed amendment, it would simply add a claim under Title V of the Rehabilitation Act and does not cure the above bases for dismissal. *See* ECF 9 at 2.

For these reasons, the Court dismisses the complaint without prejudice. Plaintiff's motion for CM/ECF password, ECF No. 3, motion to appoint attorney, ECF No. 4, motion for exemption from PACER fees, ECF No. 5, motion for status of the case, ECF No. 7, motion for leave to appear by telephone, ECF No. 8, motion for leave to amend, ECF No. 9, first motion to expedite, ECF No. 10, motion to assign to judge, ECF No. 11, second motion for status of the case, ECF No. 13, motion to assign to chief judge, ECF No. 14, second motion to expedite, ECF No. 15, third motion to expedite, ECF No. 16, and motion to compel, ECF No. 17, are all denied as moot. An order consistent with this memorandum opinion is issued separately.

Date:   January 29, 2025                                /s/_____
                                                                           AMIR H. ALI
                                                                 *United States District Judge*